UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LANCE DOTTIN,                    :
          Petitioner,       :     **MEMORANDUM OPINION**
                    :     **<u>AND ORDER</u>**
v.                       :
                    :     24 CV 7034 (VB)
UNITED STATES OF AMERICA,  :     S4 21 CR 757-2 (VB)
          Respondent.     :
--------------------------------------------------------x

<u>Briccetti, J.</u>:

      Petitioner Lance Dottin, proceeding <u>pro se</u>, moves pursuant to 28 U.S.C. § 2255 to

vacate, set aside, or correct his sentence.  (Doc. #95).[1]  Dottin claims (i) his sentence is invalid

under United <u>States v. Taylor</u>, 596 U.S. 845 (2022), and (ii) his counsel was ineffective for

failing to argue that Dottin's conviction was invalid under <u>Taylor</u>.

      For the following reasons, the motion is DENIED and the petition is DISMISSED.

**BACKGROUND**

      In late July 2021, Dottin participated in two gunpoint robberies in quick succession.[2]

The first robbery occurred on July 27, 2021.  Dottin, his brother, Marcel Dottin, and a third co-

conspirator identified and followed a victim home from the Empire City Casino in Yonkers, New

York.  Once they arrived at the victim's home in Paterson, New Jersey, Dottin and his brother

approached the residence, confronted the victim outside the home, and demanded the victim's

wallet, license, car keys, and credit cards.  One of them brandished a gun.  After the victim

---

[1]    Citations to "Doc. #__" herein are references to documents filed on the ECF docket for case no. 21-cr-757-2 (VB).

[2]    These facts are taken from the unobjected-to offense conduct section of the presentence investigation report (Doc. #68 ("PSR")), which the Court adopted as its findings of fact at sentencing (Doc. #90 at 8).

1

handed over the items, Dottin and his brother left the premises.  Dottin's brother then used the car keys to take the victim's Toyota Camry.

After the first robbery, Dottin and his brother returned to the casino.  Just hours after the Paterson robbery, on the morning of July 28, 2021, Dottin, his brother, and a co-conspirator followed another victim home to Fishkill, New York.  When they arrived at the victim's residence, Dottin, his brother, and the co-conspirator exited their vehicle and approached the victim in a parking lot behind his home.  Dottin grabbed the victim and demanded his keys and money, at which point the victim began yelling.  Dottin's brother then pointed a gun at the victim's head and said, "shut up or I'll shoot you."  (PSR ¶ 15).  The victim then stopped yelling and gave Dottin and his brother his keys and wallet.  Dottin and the co-conspirator left the scene in their vehicle, while Dottin's brother drove off in the victim's BMW.

Law enforcement identified Dottin and his brother as suspects in the robberies.  In the early evening of July 28, 2021, law enforcement identified Dottin's brother driving the Fishkill victim's BMW in Brooklyn.  As law enforcement attempted to stop Dottin's brother, he fled. Later that night, the Fishkill victim's BMW was found parked on a street in Brooklyn.  When law enforcement saw Dottin's brother walking back to the BMW, they arrested him.  Dottin was arrested about an hour later at his residence.

On December 29, 2022, Dottin waived indictment and pleaded guilty to a superseding information charging him with conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951 (Count One); Hobbs Act robbery, under the "robbery clause" of the statute, in violation of 18 U.S.C. § 1951 (Count Two); and brandishing a firearm in furtherance of a crime of violence—namely, the Hobbs Act robbery charged in Count Two—in violation of 18 U.S.C. § 924(c) (Count Three).

2

On February 23, 2023, the Court sentenced Dottin to a term of imprisonment of 84 months and one day.  Specifically, the sentence was one day on each of Counts One and Two, to run concurrently with each other, and 84 months on Count Three, to run consecutively to the sentences on Counts One and Two.  Dottin did not appeal, and his conviction became final on March 9, 2023.

On September 16, 2024, Dottin filed a "Motion for an Extension of Time," seeking to vacate his conviction on Count Three in light of United States v. Taylor, 596 U.S. 845 (2022). (Doc. #93).  In Taylor, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence for purposes of Section 924(c).  United States v. Taylor, 596 U.S. at 852.

On September 25, 2024, the Court designated Dottin's motion as a motion under Section 2255 and directed Dottin to file an amended motion by November 25, 2024.  (Doc. #94).

On November 13, 2024, Dottin filed his amended motion seeking to vacate his conviction.  (Doc. #95).  Dottin advances two arguments:  (i) his conviction on Count Three was predicated on attempted Hobbs Act robbery and should be vacated in light of Taylor, and (ii) his counsel was ineffective for advising him to plead guilty and for not moving to dismiss Count Three under Taylor.  (Id. at 5–7).

## DISCUSSION

The government contends the one-year statute of limitations in 28 U.S.C. § 2255(f) bars Dottin's Section 2255 motion, and that, in any event, the motion is meritless.

The Court agrees.

I.    Timeliness

A sentenced defendant must file a motion to vacate, correct or set aside a sentence within one year of the latest of four benchmark dates:  when the judgment of conviction becomes final; when a government-created impediment to making such a motion (which impediment is in violation of the Constitution or federal law) is removed; when the right asserted is initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or when the facts supporting the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f)(1) through (4).  Equitable tolling may excuse an untimely Section 2255 motion, but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); accord, United States v. Wright, 945 F.3d 677, 684 (2d Cir. 2019).[3] Equitable tolling "applies only in rare and exceptional circumstances."  Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

Here, Dottin's conviction became final on March 9, 2023, when his time to file a notice of appeal expired.  This is because Dottin had fourteen days after the entry of the amended judgment on February 23, 2023, to file a notice of appeal, see Fed. R. App. P. 4(b)(1)(A)(i), and an "unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."  Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).  Therefore, to be timely under Section 2255(f)(1), Dottin must have filed the instant Section 2255 motion by March 9,

_____

[3]    Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2024.  Because Dottin did not file the motion until September 16, 2024, it is untimely under Section 2255(f)(1).

Dottin's primary argument is that his conviction is invalid under <u>Taylor</u>.  This argument is meritless.  As discussed in greater detail below, <u>Taylor</u> does not apply to a <u>completed</u> Hobbs Act robbery; rather, it applies only to <u>attempted</u> Hobbs Act robbery. Moreover, the Supreme Court decided <u>Taylor</u> in June 2022—nearly two years before Dottin filed his Section 2255 motion on September 16, 2024.  Therefore, even if <u>Taylor</u> had applied to Dottin's conviction for completed Hobbs Act robbery, Dottin's petition would still be untimely under Section 2255(f)(3).

Because Dottin's petition is untimely under Section 2255(f)(1) through (4), his petition is timely only if its late filing is excused by equitable tolling.  It is not.  Dottin identifies no justification for equitable tolling.  He does not maintain that an extraordinary circumstance prevented him from filing a timely Section 2255 motion, nor does he argue that he has discovered any new facts that warrant equitable tolling.

In short, Dottin's motion is untimely under Section 2255, and he has failed to establish he is entitled to equitable tolling.  Therefore, his motion must be denied as untimely.

II.    <u>Merits</u>

The government argues that even if the Court were to entertain Dottin's motion, it fails on the merits because <u>Taylor</u> is inapplicable to Dottin's conviction on Count Three.

The Court agrees.

A.    <u>Hobbs Act Robbery Claim</u>

In <u>United States v. Taylor</u>, 596 U.S. at 852, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under Section 924(c).  Following <u>Taylor</u>, the

5

Second Circuit has consistently held that completed—rather than attempted—Hobbs Act robbery is a crime of violence and remains a valid predicate for a violation of Section 924(c).  See United States v. McCoy, 58 F.4th 72, 74 (2d Cir. 2023); United States v. Barrett, 102 F.4th 60, 81–82 (2d Cir. 2024).  As the Second Circuit has observed, there is "nothing in Taylor's language or reasoning that undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924(c)(3)(A)."  United States v. McCoy, 58 F.4th at 74.

Here, the record makes clear that Dottin was charged with, and knowingly pleaded guilty to, completed Hobbs Act robbery as well as to aiding and abetting the brandishing of a firearm in furtherance of the completed Hobbs Act robbery.  Dottin was charged in the superseding information with completed Hobbs Act robbery (Count Two), and this completed robbery served as the predicate for the Section 924(c) charge (Count Three).  (Doc. #66).  Specifically, Count Two charges that Dottin "unlawfully and knowingly did commit robbery," and Count Three charges that Dottin "knowingly did use and carry a firearm" in furtherance of "the Hobbs Act robbery charged in Count Two of this Information."  (Doc. #66 at 2–3).  Moreover, during his plea allocution, Dottin admitted he "participated in a robbery" on July 27, 2021, during which he "robbed [the victim] of, among other things, a Toyota"; and "participated in a robbery" on July 28, 2021, during which he "robbed [the victim] of, among other things, a BMW."  Dottin also admitted that "[d]uring and in furtherance of both robberies . . ., one of my co-conspirators brandished a firearm which I understood to be loaded and operable.  I was aware that my co-conspirator was in possession of that firearm prior to the robberies and that he was bringing a firearm to the robberies to aid in our commission of the robberies."  (Doc. #70 at 41–42).

Finally, also during the plea allocution, the Court made it clear that Dottin had been charged with completed, not attempted, Hobbs Act robbery.  (Doc. #70 at 4-5).

As Taylor applies only to attempted—not completed Hobbs Act robbery—it does not apply to Dottin's conviction on Count Three.  Accordingly, Dottin's claim that his conviction on Count Three is invalid under Taylor is meritless.

      B.      Ineffective Assistance of Counsel Claim

Second, Dottin claims he received ineffective assistance of counsel.  Specifically, he contends his counsel was deficient for advising him to plead guilty rather than moving to dismiss Count Three of the information under Taylor.

To prevail under the familiar standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), Dottin must (i) demonstrate that his attorney's performance fell below an "objective standard of reasonableness," meaning it amounted to incompetence under "prevailing professional norms," id. at 688, 690, and (ii) affirmatively prove prejudice, meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, not merely that an error "had some conceivable effect on the outcome," id. at 693.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential," and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland v. Washington, 466 U.S. at 689.  Indeed, this Court will not second-guess strategic or tactical decisions made by counsel.  This is because there are many ways to provide effective assistance in a given case.  "Rare are the situations in which the 'wide latitude counsel must have in making tactical decisions' will be limited to any

one technique or approach." <u>Harrington v. Richter</u>, 562 U.S. 86, 106 (2011) (quoting <u>Strickland v. Washington</u>, 466 U.S. at 689).

Dottin's ineffectiveness of counsel argument fails because, as demonstrated above, <u>Taylor</u> does not apply when, as here, a conviction under Section 924(c) is predicated on a completed Hobbs Act robbery. Dottin contends counsel "misrepresent[ed] the state of the law" when he advised Dottin to plead guilty to Count Three, and argues that, "[b]ut for counsel's error, [Dottin] would not have pleaded guilty." (Doc. #95 at 6–7.) But counsel did not misrepresent the law because, as explained above, a completed Hobbs Act robbery is a predicate offense for a Section 924(c) charge. In any event, any attempt by counsel to dismiss Count Three on <u>Taylor</u> grounds would have been unsuccessful. Therefore, Dottin cannot show that counsel's performance fell below an "objective standard of reasonableness" and amounted to incompetence under "prevailing professional norms." <u>Strickland v. Washington</u>, 466 U.S. at 688–90.

Finally, even if Dottin could demonstrate that counsel's performance was deficient—and it was not—Dottin cannot show he was prejudiced by counsel's alleged failures because <u>Taylor</u> is inapplicable to his case.

Accordingly, Dottin's ineffective assistance of counsel claim is meritless.

## CONCLUSION

Petitioner Lance Dottin's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As Dottin has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to close case no. 24-cv-7034 (VB).

The Clerk is further instructed to mail a copy of this memorandum opinion and order to petitioner Lance Dottin at the address on the docket in case no. 24-cv-7034 (VB).

Dated:  September 17, 2025
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge